### MEYERS et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 12, 1914.)

APPEAL AND ERROR (§ 628*)—RECORD—TIME FOR FILING—EXTENSION.

> Under Act Feb. 13, 1911, c. 47, 36 Stat. 901 (Comp. St. 1913, §§ 1656, 1657), providing that, on writ of error to review a final judgment, plaintiff in error shall cause to be printed and filed in the Circuit Court of Appeals 25 transcripts of the record, one of which shall be certified by the clerk, and District Court rule 26, providing that the parties shall stipulate what shall be printed as the record, and that plaintiff in error shall present one copy to the clerk, with a stipulation that it is a true transcript as agreed upon by the parties or settled by the court, and that the clerk shall thereupon certify it without charge, except for the certificate, where a bill of exceptions was settled, and plaintiffs in error had printed it at considerable expense, and the parties had stipulated that the record need not be certified, but might be corrected by either party upon comparison with the bill of exceptions, it was unreasonable for the United States, the defendant in error, to refuse to stipulate that the record was correct, without suggesting any corrections, thereby necessitating the authentication of the record by the clerk at a considerable expense, and until it did so stipulate the time for the filing of the record by plaintiffs in error would be extended.
>
> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2750–2764; Dec. Dig. § 628.*]

In Error to the District Court of the United States for the Southern District of New York.

Chas. R. Bradbury, of New York City, for plaintiffs in error.

Henry N. Arnold, of New York City, Sp. Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The act of February 13, 1911, provides that, where it is sought to review a final judgment by writ of error from the United States Circuit Court of Appeals, the plaintiff in error shall cause to be printed under such rules as the lower court shall prescribe, and file in this court, 25 transcripts of the record of the lower court, one of which shall be certified under the hand of the clerk and seal of that court.

Rule 26 of the District Court provides that the parties shall stipulate what shall be printed as the record by the plaintiff in error, who shall present one copy thereof to the clerk, with a stipulation by the parties that it is a true transcript as agreed upon by the parties or settled by the court. Thereupon the clerk shall certify that it is so without any charge, except for the certificate. The object of both the act and of the rule was to diminish the expense of proceedings on appeal or writ of error or of certiorari.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In this case Judge Martin has settled the bill of exceptions. The plaintiffs in error have printed it at great expense, and the parties have stipulated in writing that the record so printed need not be certified, but may be corrected by either party upon comparison with the bill of exceptions. The plaintiffs in error now present the record, saying that it is correct, while the United States, suggesting no corrections, refuses to stipulate that it is correct, with the result that it cannot be filed in this court until authenticated by the clerk of the District Court at a charge to the plaintiffs in error of 15 cents per folio, aggregating large sums.

Apart from the affidavits as to the poverty of the plaintiffs in error, we think the attitude of the United States unreasonable under the foregoing circumstances. The agreement to waive certification implies that the United States was satisfied that the record was correct, or that it would be made so. It cannot now ignore this obligation. Therefore we shall continue to extend the time of the plaintiffs in error to file the record until the United States has stipulated that the record as printed is correct, or after comparison has been corrected, so that it may be authenticated by the clerk of the District Court and filed in this court.